UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC<br><br>PLAINTIFF<br><br>v.<br><br>MATT BORNHEIMER<br><br>DEFENDANT(S) | CIVIL ACTION NO:<br>2:23-cv-00065-JAW<br><br>Address: 63 Marshall Pond Rd.,<br>Hebron, ME 04238<br><br>Mortgage recorded: Oxford<br>County Registry of Deeds, Book<br>5304, Page 196 |

### JUDGMENT OF FORECLOSURE AND SALE
### TITLE TO REAL ESTATE IS INVOLVED

63 Marshall Pond Road, Hebron, Maine 04238
Oxford County Registry of Deeds Book 5304, Page 196

Upon notice and after trial, the Court finds as follows:

1. Plaintiff is the owner and holder of a certain promissory note dated September 8, 2016, in the original principal amount of $175,000.00 given by Matt Bornheimer to USAA Federal Savings Bank (the "Note").

2. Plaintiff is the owner and mortgagee of record of a mortgage dated September 8, 2016, given by Matt Bornheimer to USAA Federal Savings Bank recorded in the Oxford County Registry of Deeds in Book 5304, Page 196 (the "Mortgage"), affecting real property located at 63 Marshall Pond Road, Hebron, Maine 04238 more particularly described in the legal description attached to the Mortgage (the "Premises").

3. The Mortgage was assigned as follows:

- Assignment from Mortgage Electronic Registration Systems, Inc., as nominee for USAA Federal Savings Bank, its successors and assigns to USAA Federal Savings Bank dated December 30, 2019 recorded on January 6, 2020 in Book 5501, Page 296.

- Assignment from USAA Federal Savings Bank to Nationstar Mortgage LLC dated September 27, 2022 recorded on October 26, 2022 in Book 5723, Page 637.

4. Defendant has breached the conditions of the Mortgage as a result of a default on the Note secured thereby.

5. Mediation was requested by Defendant however Defendant did not appear at the scheduled mediation on June 14, 2023 and therefore the mediation was first and final and the case was restored to this Court's docket.

6. As of August 14, 2025, the following amounts, exclusive of fees and costs for preparation for and attendance at trial, are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---:|
| Principal Balance | $163,476.12 |
| Accrued Interest | $28,178.76 |
| Escrow Advance | $17,292.20 |
| Late Charges | $548.28 |
| Appraisal Fees | $175.00 |
| Property Inspection Fees | $1,125.00 |
| Non-Sufficient Funds Charges | $25.00 |
| Attorney's Fees and Costs | $6,602.62 |
| Total | $217,422.98 |

Additional pre-judgment interest is accruing and post-judgment interest will accrue at a rate of 3.25% per annum in accordance with the Note and § 1602-B. Plaintiff has foregone any right to a higher interest rate that may be allowable under 14 M.R.S. § 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced or incurred after August 14, 2025, to protect the security of the Mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

7. The order of priority of any party appearing in this action is as follows:

    First Priority: The Mortgage held by Nationstar Mortgage LLC recorded in the Oxford County Registry of Deeds in Book 5304, Page 196. The amount due the Plaintiff is as set forth above.

    Second Priority:    Matt Bornheimer

8. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

    a.    Nationstar Mortgage LLC
            8950 Cypress Waters Boulevard
            Coppell, TX 75019

    Counsel:    Carrie Folsom, Esq., #9510
                   Korde & Associates, P.C.

707 Sable Oaks Dr., Suite 250
South Portland, ME 04106
(207) 775-6223

    b.    Matt Bornheimer
          63 Marshall Pond Road
          Hebron, ME 04238

    Counsel:    none known

9.    The docket number for this action is 2:23-cv-00065-JAW.

10.    All parties have received notice of these proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure and any order of this Court.

11.    There are no public utility easements affected by this action.

IT IS THEREFORE ORDERED AND ADJUDGED that:

    a.    Judgment of Foreclosure and Sale is hereby entered in favor of Nationstar Mortgage LLC. If Matt Bornheimer does not pay to the Plaintiff, its successors and assigns, the amount of the Plaintiff's total claim due as set forth above within the statutory 90-day period of redemption established by 14 M.R.S. § 6322, then Nationstar Mortgage LLC, its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

        First,    to Nationstar Mortgage LLC, its successors and assigns, as set forth above;

        Second,    the surplus proceeds, if any, to the Clerk of Court for the benefit of Matt Bornheimer in accordance with 14 M.R.S. § 6324.

    b.    An execution shall issue against Matt Bornheimer for any deficiency that may result, provided that the statutory requirements are met.

    c.    Any assignment of mortgage, duly recorded after entry of this Judgment of Foreclosure, shall also act as an assignment of this Judgment to the assignee therein as a successor or assign of the Plaintiff, without further notice

    d.    All remaining rights of Defendant to possession shall terminate upon expiration of the statutory ninety (90) day redemption period. If Defendant has not redeemed the mortgage by that date, Defendant is ordered to vacate the real estate at that time, and a Writ of Possession shall issue to Plaintiff for possession of the real property upon application for the same.

  e. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Fed. R. Civ. P. 54.

  f. If an appeal is not filed and the Clerk has so certified, Nationstar Mortgage LLC shall be responsible for recording an attested copy of this judgment in the Oxford County Registry of Deeds and paying the recording fee.

  g. Pursuant to Fed. R. Civ. P. 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: *September 22, 2025*

Entered On:

_____
Judge, Federal Court

### CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3) (F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following entry of judgment or that the final judgment has been entered after remand following an appeal.

Dated:

_____
Clerk of Court